NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ROSS COLBY,<br><br>Defendant-Appellant. | No. 19-10224<br><br>D.C. No.<br>5:17-cr-00168-LHK-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 12, 2021[**]
San Francisco, California

Before: BERZON, CHRISTEN, and BADE, Circuit Judges.

Ross Colby was convicted by a jury of five counts of computer fraud against

Embarcadero Media and sentenced to time served. He now seeks to reverse his

conviction on the basis of prosecutorial misconduct. We have jurisdiction under 28

U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Colby focuses on two statements by the government during closing argument:

First, during the government's rebuttal closing argument, the prosecutor told the jury "[y]our role is . . . to find that the government has proven beyond a reasonable doubt" that Colby is guilty. Defense counsel did not object to the statement, so we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 730-36 (1993); *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190-91 (9th Cir. 2015).

This court evaluated similar statements to juries in *United States v. Sanchez*, 176 F.3d 1214 (9th Cir. 1999) and *United States v. Gomez*, 725 F.3d 1121 (9th Cir. 2013). In *Sanchez*, the prosecutor told the jury that "after the marshal's service has done their duty and the court has done its duty . . . you as jurors do your duty and . . . find these defendants guilty." 176 F.3d at 1224. In *Gomez*, the prosecutor told the jury that "the United States has the burden of proof beyond a reasonable doubt" and then stated: "Is the evidence that was presented in this case proof beyond a reasonable doubt? Absolutely. And now it's your duty to say the defendant is guilty. . . ." 725 F.3d at 1131.

*Sanchez* found prosecutorial misconduct in part because the prosecutor "did not tell the jury that it had a duty to find the defendant guilty only if every element of the crime had been proven beyond a reasonable doubt." 176 F.3d at 1225. In

contrast, *Gomez* found no error because, "[r]ead in context, the prosecutor was arguing that, *if* the jury finds that the prosecution has met its burden of proving the elements beyond a reasonable doubt, *then* it is the jury's duty to convict." 725 F.3d at 1131 (emphasis in original).

This case is more similar to *Gomez* than to *Sanchez*. The prosecutor correctly stated the jurors' duty both before and after the statement in question. And the jury notes confirm that the jury understood its duty. For both reasons, Colby cannot meet his burden, on plain error review, to show that it is "more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013) (quoting *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005)); *see also United States v. Minore*, 292 F.3d 1109, 1117-19 (9th Cir. 2002).

Second, the government had the burden to prove that Colby's actions resulted in at least a $5,000 loss to Embarcadero Media. 18 U.S.C. §§ 1030(a)(5)(A) & (c)(4)(B)(i). In the context of summarizing the extent of financial harm, the prosecutor told the jury, "What do you think their subscribers thought of this attack? What do you think their advertisers thought of this attack? What do you think the people who might be . . . confidential sources for the journalists who work at Embarcadero's various papers thought of this attack? *Put yourself in their shoes*." (Emphasis added.) Defense counsel objected to the statement, so we

3

review for harmless error, with the burden as to prejudice on the government. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc); *see also Minore*, 292 F.3d at 1117-19.

Colby frames the prosecutor's statement as "ask[ing] jurors to identify individually with the victims," but, in context, that is not an accurate characterization. Instead, the government was arguing about whether Embarcadero Media, the alleged victim, had suffered reputational damage, and for that purpose was asking the jurors to consider whether various people who interacted with Embarcadero Media would think less of the company as a result of the attack.

Further, even if Colby were correct that "[t]he feelings of [subscribers, advertisers, journalists, or informants] had no bearing on the economic loss which the government was required to prove," any error was harmless. The government promptly withdrew the statement. The government also put on ample evidence which showed the calculable economic damage was well above the $5,000 statutory threshold, without regard to any reputational injury. 18 U.S.C. §§ 1030(a)(5)(A) & (c)(4)(B)(i). As a result, "it is more probable than not that the error did not materially affect the verdict." *Morales*, 108 F.3d at 1040.

AFFIRMED.

4